IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**QUINTYRA WHITE,**

    **Plaintiff,**                                    **CASE NO.:**

v.

**BRAVOFLORIDA, LLC.**

    **Defendant.**

_____/

## COMPLAINT

Plaintiff, QUINTYRA WHITE, by and through her undersigned counsel, hereby sues Defendant, BRAVOFLORIDA, LLC. and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq*.

2. Venue lies within United States District Court for the Northern District of Florida, Gainesville Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, QUINTYRA WHITE (hereinafter as "White" or "Plaintiff"), is a resident of Alachua County, Florida, at all times material and was an employee of Defendant within the meaning of the Family and Medical Leave Act (FMLA).

4. Defendant, BRAVOFLORIDA, LLC (hereinafter as "Bravoflorida" or "Defendant"), is a Foreign Limited Liability Company authorized and doing business in this Judicial District.

## GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

6. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

7. Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

9. Plaintiff has a Charge of Discrimination pending with the EEOC and intends to amend this Complaint to add that claim once she has complied with the administrative prerequisites.

## FACTUAL ALLEGATIONS

10. Plaintiff began her employment with Defendants on or around October 17, 2010.

11. Plaintiff had an unblemished personnel file and went above and beyond her regular duties if asked.

12. On Saturday, December 17, 2022, Plaintiff began suffering from a serious health condition.

13. On Monday, December 19, 2022, Plaintiff informed her General Manager and District Manager of her serious health condition.

14. On that same day, despite her communications, Plaintiff was terminated for no call no show.

15. Prior to her termination, Defendants failed to notify Plaintiff of her Rights under the Family Medical Leave Act.

## COUNT I
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

16. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 15.

17. Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq*.

18. Plaintiff is an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendants for twelve (12) months and had at least 1,250 hours of service for the Defendant during the twelve (12) months immediately preceding her FMLA leave.

19. Plaintiff is a covered employee within the meaning of the FMLA.

20. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights. Specifically, Defendants interfered with Plaintiff's lawful right to apply for and take FMLA leave by discouraging her from exercising those rights and terminating her for doing so.

21. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights and constitute violations of the FMLA.

22. As a result of Defendants' unlawful actions Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, QUINTYRA WHITE, prays for judgment against the Defendant, BRAVOFLORIDA, LLC, for the following damages:

    a.    Back pay and benefits;

    b.    Prejudgment interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Liquidated damages;

    e.    Attorneys' fees and costs;

    f.    Injunctive relief; and

      g.      For any other relief, this Court deems just and equitable.

## COUNT II
## FAMILY AND MEDICAL LEAVE ACT – RETALIATION/DISCRIMINATION

23. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 15.

24. Defendant retaliated against Plaintiff in violation of the FMLA in that Plaintiff's FMLA Protected request for time off and utilization of FMLA Protected leave was a substantial or motivating factor that prompted Defendant to terminate Plaintiff.

25. Defendant's actions constitute a violation of the FMLA.

26. As a result of Defendant's actions Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, QUINTYRA WHITE, prays for judgment against the Defendant, BRAVOFLORIDA, LLC for the following damages:

    a.    Back pay and benefits;

    b.    Prejudgment interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Liquidated damages;

    e.    Attorneys' fees and costs;

    f.    Injunctive relief; and

    g.    For any other relief, this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

27. Plaintiff, QUINTYRA WHITE, requests a jury trial on all issues so triable.

Dated this __9th__ day of February 2023.

                                            **FLORIN GRAY BOUZAS OWENS, LLC**

                                            _/s/Wolfgang M. Florin_

**Wolfgang M. Florin, ESQUIRE**
Florida Bar No.: 907804
Primary: wflorin@fgbolaw.com
Secondary: asine@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Attorneys for Plaintiff

5